## Grossman v. Coyer

Before Shughart, P.J., and Rambo, J.

*Samuel L. Andes,* for plaintiff.
*Sidney A. Simon,* for defendant.

SHUGHART, *P.J.,* October 27, 1977 — Plaintiff, Harry L. Grossman, filed this action in equity against defendant, Howard A. Coyer, to impose a constructive trust against certain real estate currently in possession of defendant. The basis of the claim is an alleged breach of an oral partnership agreement between the parties. Defendant in his answer alleged that there was no partnership agreement and, further, that defendant paid for the real estate with his own personal funds. In addition, defendant asserted a counterclaim against plaintiff alleging, inter alia, that plaintiff and defendant were the sole shareholders in approximately equal shares in a corporate business engaged in the movement of structures from one site to another, and that plaintiff breached his fiduciary responsibility to said corporation. Plaintiff filed preliminary objections to defendant's counterclaim in the nature of a demurrer, a motion to strike and a motion for more specific pleading which are now before us for a decision.

Pa. R.C.P. 1510 reads in pertinent part:

"(a) A defendant may plead as a counterclaim only a cause of action, whether equitable or legal, which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose."

It has long been the rule in this State that a demand in a setoff or counterclaim must be between

the same parties in the same capacity as the original action filed by plaintiff: Dickerson v. Dickersons Overseas Co., 369 Pa. 244, 85 A.2d 102 (1952); Buckley and Co., Inc. v. County West Building Corporation, 55 Del. Co. 383 (1965). In the case at bar, plaintiff bases his claim on an alleged partnership agreement, whereas defendant has counterclaimed for damages resulting from a breach of an alleged corporate agreement. It is clear that the two claims are not between the same parties in the same capacity: Atlantic Plastics, Inc. v. Scientronic, 68 D. & C. 2d 100 (Philadelphia, 1975); Schiavo v. Caplo (No. 2), 6 D. & C. 2d 556 (Luzerne, 1955). In the Schiavo case, plaintiff brought suit against the defendants, *in their corporate capacity* as sole shareholders of a corporation. One of the defendants filed a counterclaim for damages arising *out of a partnership* between himself and the plaintiff. In sustaining the plaintiff's demurrer to the counterclaim the court stated:

" 'The allegations . . . of the Counterclaim . . . relating to a partnership formerly existing between the plaintiff and the defendant . . . and claims allegedly . . . arising out of partnership matters are improperly, irregularly and illegally contained in the Answer and insufficient in law, *because the said partnership is not a party to the above-entitled action,* nor its affairs adjudicable in the above-entitled action, nor the claims or demands of the respective partners adjudicable in the above-entitled action . . .' " Id. at 560-61. (Emphasis supplied.)

Although in the case at bar the situation is the reverse of the one in the Schiavo case, the principle that a partnership and a corporation are not the

same parties for purposes of claim and counterclaim is controlling. Plaintiff's demurrer must be sustained, and it is unnecessary to consider the other objections.

## ORDER

And now, October 27, 1977, for the reasons set forth in the opinion filed this date, plaintiff's demurrer to defendant's counterclaim is sustained and the counterclaim dismissed.